IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ANN PRITCHETT,    )
                           )
             Plaintiff,    )
                           )
     v.                    )
                           )  Civil Action No. 07-286
MICHAEL J. ASTRUE,         )
COMMISSIONER OF            )
SOCIAL SECURITY,           )
                           )
             Defendant.    )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 2nd day of January, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for SSI on January 21, 2004, alleging she became unable to work on February 7, 2002, due to coronary artery disease, duodenal ulcer and non-insulin dependent diabetes mellitus. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on February 7, 2006, at which plaintiff appeared represented by counsel. On June 27, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on February 9, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 51 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a high school education. Plaintiff has past relevant work experience as a bus monitor, but she has not engaged in substantial gainful activity at any time relevant to this case.

After reviewing plaintiff's medical records and hearing

AO 72
(Rev 8/82)

- 2 -

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of coronary artery disease, status post myocardial infarction, duodenal ulcer and non-insulin dependent diabetes mellitus, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of other non-exertional limitations. Plaintiff has a limited ability to perform pushing and pulling activities with the lower extremities, and she also is limited to occasional bending, stooping, climbing, squatting, balancing, kneeling and walking. In addition, plaintiff is limited to work that does not involve making complex decisions or following detailed instructions. Finally, plaintiff is precluded from work that involves exposure to extreme cold (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity permit her to perform her past work as a bus monitor, and also enable her to perform other work that exists in significant numbers in the national economy, such as an assembler, hand packer or inspector. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the

Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 4 and 5 of the sequential evaluation process. At step 4, the issue is whether plaintiff's residual functional capacity permits her to perform her past relevant work. 20 C.F.R. §404.920(f). At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's findings at steps 4 and 5 on the following grounds: (1) the ALJ's RFC Finding is not supported by substantial evidence; and (2) the ALJ did not give appropriate weight to the opinion of plaintiff's treating physician. For the reasons explained below, the court finds that these arguments lack merit.

Plaintiff first argues that the ALJ's RFC Finding that she can perform light work is not supported by substantial evidence. Plaintiff asserts that the medical evidence shows she is incapable of performing anything more than sedentary work. After reviewing

the medical evidence of record in this case, the court finds that the ALJ correctly limited plaintiff to light work, along with the other non-exertional limitations identified in the RFC Finding.

Plaintiff's specific argument regarding the ALJ's RFC Finding relates to her alleged significant problems with her lower extremities, which she believes precludes the performance of light work. However, the ALJ's RFC Finding was far more specific than simply limiting plaintiff to light work. The ALJ's RFC Finding accommodated plaintiff's problems with her lower extremities by restricting her from work that involves pushing and pulling with her lower extremities, as well as a restriction to only occasional bending, stooping, climbing, squatting, balancing, kneeling and walking. In addition, the RFC Finding precludes plaintiff from working in an environment that involves exposure to extreme cold. These restrictions fully accommodate plaintiff's functional limitations caused by any problems with her lower extremities. Thus, the ALJ did not err in making the RFC Finding in this case.

Plaintiff also argues that the opinion of Dr. Amril Crichlow, who was her treating primary care physician, supports her case for disability. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the ALJ properly concluded that Dr. Crichlow's opinion was not entitled to controlling

AO 72
(Rev. 8/82)

- 6 -

weight.

According to plaintiff, the ALJ gave inadequate weight to Dr. Crichlow's opinion that she is unable to work due to the severity of her peripheral neuropathy. Dr. Crichlow's opinion is set forth in a short letter dated October 12, 2005, in which the doctor briefly summarized plaintiff's medical history and most recent office visit, and noted that an EMG and nerve conduction study showed "the presence of severe peripheral neuropathy." (R. 159-60).

The ALJ stated in her decision that she gave Dr. Crichlow's opinion "little weight since there is little medical evidence of record from Dr. Crichlow to substantiate his opinion." (R. 24). The ALJ's rationale is correct. Other than the conclusory October 12, 2005 letter by Dr. Crichlow, the brief medical records from his office do not indicate that plaintiff is disabled. Furthermore, the EMG and nerve conduction study referenced by Dr. Crichlow actually states that plaintiff's distal sensory motor polyneuropathy is moderate to severe, rather than severe as stated by Dr. Crichlow, and that there are no radiating symptoms below the knee. (R. 174-75). Other than Dr. Crichlow's conclusory opinion, no other medical source of record indicates plaintiff is disabled. Nonetheless, to the extent plaintiff is limited by her neuropathy, the ALJ fully accounted for those limitations by restricting plaintiff as set forth in the RFC Finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ

determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Robert W. Gillikin, Esq.
Robert Peirce & Associates, P.C.
707 Grant Street
2500 Gulf Tower
Pittsburgh, PA 15219

Lee Karl
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev 8/82)